IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| R.M., <br><br> Plaintiff, <br><br> vs. <br><br> Jasmine Brown, Corey Townsend, Joseph Bailey, Renee Evans, and Yolanda Bostick, <br><br> Defendants. | C.A. No.: 2:23-cv-6170-DCC-MGB <br><br> COMPLAINT <br> (Jury Trial Demanded) |

The Plaintiff referred to as R.M. throughout, complaining of the Defendants herein, would respectfully show unto this Honorable Court and alleges as follows:

## JURISDICTION

1. This is an action for money damages brought pursuant to 42 U.S.C.A. §§ 1983, et seq., and the Eighth Amendment to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against the Defendants.

2. Subject matter jurisdiction is conferred upon the Court by 28 U.S.C.A. §§1331, 1367 (a), (b), (c), (d), and 1343, and 28 U.S.C.A. §§ 2201 and 2202.

## PARTIES

3. Plaintiff, R.M, is a citizen and resident of the state of South Carolina, and at the time of the incident at issue in this case, was a pretrial detainee at the Ridgeland Correctional Institution, located in Jasper County, South Carolina (hereinafter "the facility").

4. Defendants Jasmine Brown, Corey Townsend, Joseph Bailey, Renee Evans, and Yolanda Bostick were, at all relevant times, employees of the facility responsible for classifications and housing decisions and/or for providing adequate protection and security for detainees housed

in the facility, and are sued in their individual capacities. At all relevant times, these Defendants were persons acting in the course and scope of their duties as employees of the facility and were acting under the color of state law.

## JURISDICTION/VENUE

5. Plaintiff brings this action under 42 U.S.C. §§ 1983 to vindicate his rights guaranteed by the Eighth Amendment to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue is proper in this district under 28 U.S.C. § 1391 as the most substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

7. Prison officials have a federal constitutional duty (under the Eighth Amendment) to protect inmates from violence at the hands of other inmates. In this case the Plaintiff is informed and believes that (a) Defendants knew that the Plaintiff was exposed to a substantial risk of serious harm to his physical safety; (b) the Defendants consciously failed to take reasonable measures to abate the risk; and (c) the Plaintiff suffered serious injuries as a direct result thereof.

8. Prison correctional staff and officials have a federal constitutional duty (under the Eighth Amendment) to ensure inmates do not endure cruel and unusual punishment and treatment while incarcerated. In this case Defendants consciously failed to ensure that the Plaintiff did not endure cruel and unusual punishment and treatment.

9. Plaintiff is informed and believes that prior to the events in question, the Ridgeland Correctional Institution had a long history of overcrowding and failing to provide

adequate security and supervision over the inmates located at the facility. The facility also had a well-documented history of failing to supervise front line officers to ensure that policies were being followed, and that policy violations were being addressed. The named Defendants terminated, punished, and harassed good employees, and retained and rewarded bad employees, compounding the problems presented by understaffing. These Defendants' supervisory actions led to a pervasive culture of no discipline and rule violations, and an incredibly dangerous and lawless environment at the facility.

10. The Plaintiff is informed and believes that prior to the events in question, the South Carolina State Legislature commissioned and conducted security and staffing audits of the correctional system, including the facility. Findings of the investigation revealed a correctional system in chaos due to extreme shortages in staff and a lack of oversight by the Defendants as to the facility. The investigations further concluded that these conditions resulted in the inmate population at the facility being exposed to dangerous living conditions, extreme violence, and cruel and unusual treatment. The Plaintiff is informed and believes that the results of these investigations were well known to the facility staff, administrators, supervisors and correctional personnel - to include the Defendants. Additionally, the Plaintiff is informed and believes that the conditions present during the time periods discussed in this Complaint are consistent with the findings of the prior investigations conducted.

11. On December 3, 2020, and into the earlier morning of December 4, 2020, while in custody at the facility, without provocation or justification, Plaintiff was viciously attacked by his cellmate who got on top of him and pinned him to his bed. Plaintiff's cellmate brutally sexually assaulted Plaintiff by inserting his penis into Plaintiff's anus and mouth multiple times.

As Plaintiff struggled, his cellmate informed Plaintiff he had a real knife. Plaintiff did everything he knew to do to try to get help, including verbally crying out for help, but his cellmate pushed his face into the mat of the bed while wielding the knife and told the Plaintiff to shut up.

12. Plaintiff's cellmate was only able to attack and assault the Plaintiff due to the Defendants' grossly negligent failure to supervise the area and the specific inmates, and due to the Defendants' deliberate indifference and decision to ignore the specific threat of harm posed to the Plaintiff by this inmate.

13. During the assault, no correctional officers came to the Plaintiff's aid despite the attack being long in duration and loud.

14. The fact that no facility officers responded to the Plaintiff's cries for help, in and of itself, shows that officers were unreasonably far from the areas as to be willfully absent and/or that the Defendants willfully ignored the cries for help and allowed the Plaintiff to be sexually assaulted. The cellmate who attacked the Plaintiff has been charged with a crime arising out of the incident and that charge is still pending, upon information and belief.

15. On December 4, 2020, when Plaintiff was allowed to exit his cell, he reported the sexual assault. Plaintiff was then taken to the Coastal Carolina Medical Center where he was prescribed Isentress and Truvada. Both prescriptions are used to prevent HIV infection following potential exposure.

16. The Defendants knew or should have known that their conscious failure to provide adequate security measures would result in unsafe conditions for the entire inmate population, to include the type of incident described herein at this specific facility.

17. Additionally, the facility has a policy and practice of allowing violations of

policies and procedures by employees pertaining to constant supervision of inmates and employees.

18. Further, the supervisors at the facility have a pattern and practice of ignoring dangerous conditions and causing officers to be unreasonably far from the areas where they need to be located in order to properly supervise subordinate employees so as to be willfully absent.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. The Plaintiff was only required to exhaust administrative remedies that were available to him. In this case, administrative remedies were unavailable to Plaintiff for various reasons, including that they were incapable of use to obtain relief, they operated as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates, they were so opaque that they were practically speaking incapable of use such that no ordinary prisoner could discern or navigate them, and prison administrators have a history of thwarting inmates from taking advantage of the grievance process through machination, misrepresentation, or intimidation.

20. For these reasons and others, administrative remedies were not available to the Plaintiff, and the Defendants failed to provide adequate security and supervision.

## CAUSES OF ACTION

**42 U.S.C. Section 1983 Claim Against All Defendants**

21. Plaintiff incorporates all paragraphs above as if fully stated herein.

22. At all relevant times, the Defendants were persons acting under the color of state law, and are sued in their individual capacities for violating the Plaintiff's constitutional rights afforded to him by the Eighth Amendment to the United States Constitution.

23. At the time of the incident at issue, the Plaintiff's clearly established rights under the United States Constitution were violated by the Defendants in numerous ways, including but not limited to:

    a) In consciously failing to monitor the Plaintiff while incarcerated;

    b) In failing to provide prompt medical assistance to him;

    c) In failing to have the proper security checks performed to ensure inmate safety;

    d) In failing to intervene in the attack that was in progress;

    e) In consciously failing to have the proper policy and procedures necessary to ensure that detainees are provided basic and/or appropriate medical care and safety;

    f) In consciously and deliberately failing to properly monitor the inmates at the facility;

    g) In consciously and deliberately failing to protect the Plaintiff from a violent assault;

    h) In consciously and deliberately failing to properly staff and supervise the employees so as to ensure the safety of the inmates located at the facility;

    i) In consciously and deliberately failing to protect the Plaintiff from a known risk of serious harm;

    j) In consciously and deliberately failing to adhere to the policies and procedures of the facility;

    k) In being consciously and deliberately indifferent to the Plaintiff's health and safety;

l) In being consciously and deliberately indifferent to the Plaintiff's right to be free from state created danger;

m) In being consciously and deliberately indifferent to the Plaintiff's right to be free from government conduct that shocks the conscience;

n) In being consciously and deliberately indifferent to the Plaintiff's right to bodily integrity;

o) In being consciously and deliberately indifferent to the Plaintiff's right to be free from cruel and unusual punishment and treatment;

p) In being consciously and deliberately indifferent to the Plaintiff's health and safety after having knowledge of the dangerous condition and failing to take reasonable measures to prevent it from occurring; and

q) In any other manner to be proved in discovery and trial.

24. The Defendants violated these clearly established rights in the ways described in summary form herein, and in ways that will be uncovered in discovery and at trial.

25. At all relevant times, the Defendants had actual or constructive knowledge that the inmate was actively engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to the Plaintiff. The response of the Defendants to that knowledge was so inadequate as to show deliberate indifference to, or express or tacit authorization of, the violence being actively perpetrated against the Plaintiff. There was an affirmative causal link between the inaction of the Defendant and the particular constitutional injuries suffered by the Plaintiff.

26. The unconstitutional misconduct described herein was objectively unreasonable and was undertaken intentionally, with malice and knowing disregard for Plaintiff's clearly established constitutional rights.

27. As a direct and proximate result of the above constitutional violations, the Plaintiff suffered serious physical and emotional injury.

## DAMAGES

28. Plaintiff incorporates all paragraphs from above as if fully stated herein.

29. Plaintiff asks for judgment against Defendants for the following:

   a. For all available actual, compensatory, consequential, economic, noneconomic, and special damages permitted by law;

   b. For punitive damages;

   c. For attorneys fees and costs;

   d. For any other damages allowed by law; and

   e. For such other relief as the trier of fact deems just and proper.

## JURY TRIAL DEMANDED

Trial by jury is demanded as to all issues to the extent permitted by law.

Respectfully submitted,

December 1, 2023    By:   /s/ James A. Bradshaw
Kyle White (Fed. Bar No. 11774)
James A. Bradshaw (Fed. Bar No. 11680)
WHITE, DAVIS, AND WHITE LAW FIRM, PA
209 East Calhoun Street
Post Office Box 1346
Anderson, SC 29621
Telephone: (864) 231-8090
Facsimile: (864) 231-8006
kyle@wdwlawfirm.com
drew@wdwlawfirm.com

        S. Randall Hood (Fed. Bar No. 6103)
        McGowan Hood Felder & Phillips
        1539 Health Care Drive
        Rock Hill, SC 29732

        Daniel E. Henderson (Fed. Bar No. 1814)
        Parker Law Group, LLP
        PO Drawer 2530
        Ridgeland, SC 29936

        *Attorneys for Plaintiff*